UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARYELLEN FAEHNER, on behalf of herself and
all others similarly situated,

                Plaintiff,                                      **MEMORANDUM AND**
                                                                      **ORDER**
    - against -                                            20-CV-1562 (RRM) (VMS)

WEBCOLLEX, LLC, d/b/a CKS FINANCIAL,

                Defendant.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Maryellen Faehner brings this putative class action against defendant Webcollex, LLC, d/b/a CKS Financial ("Webcollex"), alleging violations the Fair Debt Collection Practices Act "(FDCPA"), 15 U.S.C. §§ 1692 *et seq*. (Am. Compl. ("AC") (Doc. No. 11).) Webcollex now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mem. (Doc. No. 14).) For the reasons set forth below, Webcollex's motion is granted.

## BACKGROUND

      The following facts are drawn from Faehner's AC and are assumed to be true for the purpose of this Memorandum and Order. Webcollex is a collection agency with its principal office located at 505 Independence Parkway, Suite 300, Chesapeake, Virginia 23320. (AC ¶ 8.) Webcollex is a debt collector as defined under 15 U.S.C. § 1692a(6). (*Id*. ¶ 10.)

      On or about June 14, 2019, Webcollex sent Faehner a collection letter (the "Letter") regarding an alleged consumer debt. (*Id*. ¶ 18.) Faehner is a natural person who resides in Queens, New York and a "consumer" as defined by 15 U.S.C. § 1692a(3). (*Id*. ¶ 7.) The Letter was the first communication from Webcollex to Faehner about the debt. (*Id*. ¶ 19.) The following information was supplied at the top of the Letter:

```
CKS Account ID: 1454436
Original Creditor: WebBank
Original Servicer: Lending Club Corporation          Charge-off: $17,302.30 on 07/31/2018
Original Account Number Ending In: 3787              Post Charge-Off Interest: $.00
Last Payment Amount: $459.18                         Post Charge-Off Charges or Fees: $.00
Last Payment Date: 02/22/2018                        Payments, Credits or Adjustments: $.00
                                                     Total Balance: $17,003.41
```

*Id.* ¶ 21; *see also* AC Exhibit A.) The body of the Letter was in the same font and size as the information above. (AC Exhibit A.) The Letter contains no other statement regarding the amount Faehner allegedly owed on the debt, stating only that "the above referenced account which is currently owned by CKS Prime Investments LLC has been placed with our office." (*Id.* ¶ 22; *see also* AC Exhibit A.) The rest of the letter is entirely boilerplate. Because the post charge-off interest, charges, fees, payments, credits, and adjustments were all listed as $0.00, Faehner was unsure why the charge-off amount and the total balance showed different numbers. (*Id.* ¶ 23–24.) She believed that either the charge-off amount or the total balance was incorrect, but she was not sure which one. (*Id.* ¶¶ 26–27.) Faehner was confused as to the amount of her debt, and unsure whether the charge-off amount or the total balance represented the alleged debt. (*Id.* ¶¶ 24–25.)

In her AC Faehner brings two claims against Webcollex. First, she asserts that Webcollex violated 15 U.S.C. § 1692e, including but not limited to subsections 15 U.S.C. § 1692e(2) by "falsely representing the amount of the debt" and 15 U.S.C. § 1692e(10) by "using false, deceptive, and misleading representations in connection with the collection of a debt." (*Id.* ¶¶ 44–48.) Second, she asserts that Webcollex failed to adequately state the amount of the debt owed, in violation of 15 U.S.C. § 1692g. (*Id.* ¶¶ 49–52.) Faehner styles her complaint as a class action but has not yet moved for certification.

Webcollex now moves to dismiss the AC, arguing that Faehner has failed to state a claim under 15 U.S.C. § 1692 because the least sophisticated consumer would understand that the total

balance is the amount owed on the debt. (Def.'s Mot. (Doc. No. 14) at 12–15.) Webcollex asserts that the challenged conduct, even if it did constitute a misrepresentation, was not material, because only a "bizarre or idiosyncratic interpretation" of the letter would influence the behavior of the least sophisticated consumer. (*Id*. at 13–14 (quoting *Clomon v. Jackson*, 988 F. 2d 1314, 1320 (2d Cir. 1993)).)

In response, Faehner argues that the unexplained $289.89 difference between the charge-off amount and the total balance is precisely the kind of inconsistent and confusing information that would deceive or mislead the least sophisticated consumer. (Pl.'s Mem. (Doc. No. 14-1) at 11–13.) Faehner also quotes at length from *Kleinman v. Frontline Asset Strategies, LLC*, No. 19-CV-6597 (BMC), 2020 WL 705169 (E.D.N.Y. Feb 12, 2020), to argue that the discrepancy between the charge-off amount and the total balance is misleading in the instant action because the letter presented the information as a "list of seemingly unprioritized line items," rather than clearly formatting the information to make apparent that the total balance was the final amount due. (*Id*. 15–18.) Faehner also argues, citing three cases addressing mathematical or scrivener's errors in debt collection letters, that this misrepresentation was material because the ambiguity regarding the amount owed impeded her ability to pay off the debt. (*Id*. at 21–25.) Finally, Faehner argues that Webcollex failed to unambiguously convey the amount of the debt owed, in violation of § 1692g, and whether that ambiguity created a material misrepresentation is of no moment because materiality is not an element of a § 1692g claim. (*Id*. at 18–21, 25–28.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged in the nonmovant's

pleading and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570). When ruling on a Rule 12(b)(6) motion, the Court may consider only the "facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as matters of which judicial notice may be taken." *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993).

## DISCUSSION

Section 1692e of the FDCPA prohibits, among other things, the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Faehner alleges that Webcollex has violated two specific subsections, which set forth that a debt collector may not falsely represent "the character, amount, or legal status of any debt" or "use any false representation or deceptive means to . . . attempt to collect any debt." 15 U.S.C. §§ 1692e(2)(A), 1692e(10).

In determining whether a collection notice violates § 1692e, courts must construe the FDCPA liberally to effectuate its stated purpose—i.e., "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Additionally,

"collection notices are to be looked at from the perspective of the 'least sophisticated consumer.'" *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 213–14 (2d Cir. 2018) (quoting *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016)). "That is, 'we ask how the least sophisticated consumer—one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer—would understand the collection notice.'" *Id.* (quoting *Avila*, 817 F.3d at 75). Under this standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Avila*, 817 F.3d at 75 (internal quotation marks omitted). Claims brought for failure to provide notice of the "amount of the debt" pursuant to § 1692g are also assessed under the least sophisticated consumer standard. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). There, the inquiry is "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017) (internal quotation marks omitted).

Defendant principally relies on *Kleinman v. Frontline Asset Strategies, LLC*, No. 19-CV-6597 (BMC), 2020 WL 705169, at *2 (E.D.N.Y. Feb. 12, 2020), to argue that the Letter was susceptible to only one reasonable interpretation. In *Kleinman*, Judge Cogan dismissed plaintiff's FDCPA complaint because he found that the letter at issue was not materially misleading. *Kleinman*, 2020 WL 705169 at *2. The *Kleinman* letter provided the account information in table format. *Id*. at *1. The first row of the table provided the account number and the identity of the original and current creditors. *Id*. The second row of the table provided the date that payment was last made on the debt, the "Total Due as of Charge-off," the total interest and fees accrued since charge-off, and the total paid on the debt since charge-off. *Id*.

Finally, offset to the right side of the page and in a row of its own, the letter provided a box labeled "Total Due." *Id*. Judge Cogan found that the information, as presented in an "easy-to-read table," was not misleading because the location of the "Total Due," on the bottom right side of the table in its own column, made clear that this was the amount owed on the debt. *Id*. Judge Cogan also found that it was not materially misleading to list an amount due as of charge-off in addition to a total due, and to fail to explain why those amounts were different, because the language accompanying the charge-off amount is "qualified and references a past event" whereas the language of the total due "is a plain and resolute statement of an amount presently due." *Id*. at *3. Defendants argue that, as in the *Kleinman* letter, the Letter at issue here provides a qualified charge-off amount as of a past date, and states the total balance in the bottom right side of the account information, on a line of its own. (Def.'s Mot. at 14–15.)

Faehner reads *Kleinman* differently. She argues that Judge Cogan's decision hinges on the easy-to-read table that presented the account information, "rather than as a list of seemingly unprioritized line items." (Pl.'s Mot. at 16 (quoting *Kleinman*, 2020 WL 705169 at *2).) Though Judge Cogan writes that "under other circumstances, [he] might agree with plaintiff" that an unexplained inconsistency between the "Total Due as of Charge-off" and the "Total Due" is materially misleading, the unique structure of the information removed all ambiguity. (*Id*. at 15–16 (quoting *Kleinman*, 2020 WL 705169 at *2).) Faehner argues that the Letter at issue here is materially misleading while the *Kleinman* letter is not because the Letter provides the charge-off amount and total balance in a less clear, less readable format; she also notes that the *Kleinman* letter identified the balance due in the text of the body, whereas this Letter is silent. (*Id*.)

Faehner cites three additional cases to argue that the Letter is materially misleading. In *Garcia v. L. Offs. Howard Lee Schiff P.C.*, Judge Bolden declined to dismiss plaintiffs' § 1692e

claim because the letter at issue "included two balances—a 'charge-off balance' and a 'current balance'—and did not explain why the two balances were different." No. 16-CV-00791 (VAB), 2017 WL 1230847, at *6 (D. Conn. Mar. 30, 2017). In the *Garcia* letter, the "current balance" was lower than the "charge-off balance," but the letter indicated that the "post charge-off payments and credits" were $0. *Id*. Judge Boden concluded "that the least sophisticated consumer might be confused by the Letter's reference to multiple amounts of debt, particularly because the Letter suggested that a payment may have been made but did not clarify that it was received." *Id*. As in *Garcia*, Faehner argues, here the total balance is lower than the charge-off amount, even though the credits, interest, payments or fees applied after charge-off total $0, and this inconsistency suggests that at least one of these numbers is incorrect. (Pl.'s Mot. at 14–15.)

Similarly, in *Hall v. Cent. Research, Inc.*, 19-CV-3525 (ALM), 2020 WL 1434456 (S.D. Ohio Mar. 24, 2020), a collection letter was materially misleading when it listed a "current balance" that did not represent the sum of the "principal balance" plus the listed interest, fees and costs. The *Hall* court found that the unexplained difference between the "principal balance" and the "current balance" was materially misleading; Faehner argues that the unexplained difference between the charge-off amount and the total balance in the Letter, like in *Hall*, suggests that the Letter contains a mathematical error and is materially misleading.

Finally, Faehner argues that *Meola v. Asset Recovery Sols., LLC* sets forth this "exact fact pattern." (Pl.'s Mot. at 12 (citing No. 17-CV-1017 (MKB) (RER) 2018 WL 5020171 (Aug. 15, 2018), *report and recommendation adopted*, 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018).) In *Meola*, the "current total balance" was $12,063.45; the amount due at charge-off was $10,848.95; and the interest accrued since charge-off was $10,848.95. *Meola*, 2018 WL 5020171 at *3. These drastically different numbers suggested that either the interest accrued or

the current total balance were erroneous, but "it is impossible to tell whether the error was a failure to add the interest to the total or a failure to correctly list the interest accrued since charge off." *Id.* Accordingly, the *Meola* court found that this mathematical error was materially misleading, which, Faehner argues, is exactly the issue here. Defendant argues that *Meola* is distinguishable because the *Meola* letter suggested the plaintiff's balance was subject to increase, an inference Faehner could not reasonably draw here. (Def.'s Reply (Doc. No. 14-2) at 2–3.)

Despite Faehner's assertion that the fact pattern addressed in *Meola* is exactly the same as the instant Letter, there is no case law directly on point. However, the Court finds that the Letter is not misleading as a matter of law, because it is more akin to the *Kleinman* letter than those examined in *Meola*, *Garcia*, or *Hall*. The letter Faehner received listed two amounts. The first amount was at the top of the right-hand column on the page, and read, "Charge-Off: $17,302.30 on 7/31/2018." The second, at the bottom of the right-hand column, read, "Total Balance: $17,003.41." Only one of these amounts was termed a "balance," avoiding the ambiguity of *Garcia* or *Hall* and giving the least sophisticated consumer a clear indication of which amount represented the balance due as of the mailing. *Cf. Garcia v. L. Offs. Howard Lee Schiff, P.C.*, 401 F. Supp. 3d 241, 252 (D. Conn. 2019)(where the letter used the terms "charge-off balance" and "current balance," "the difference between the two 'balance' amounts was more than trivial."). Further, the charge-off amount was clearly labeled "on 7/31/2018," nearly a year prior to the date of the mailing, which indicates that the charge-off amount did not represent the amount currently owed but, as in *Kleinman*, was qualified and referenced a past event. And finally, though the Letter did not include the easy-to-read table of the *Kleinman* letter, the "total balance" was similarly positioned at the bottom of the right-hand column, and was the only number in its row, set off from the other account information. *See Kleinman*, 2020 WL 705169,

at *2 (finding a letter is not misleading where the "Total Due" amount "is uniquely positioned to imply finality and singular importance: it's in the bottom-most row, set to the very rightmost column, and appears as the only entry in its row…. Moreover, the fact that it is at the bottom line of the table – as in the colloquial 'bottom line' of a financial statement – is… a detail… that even the least sophisticated consumer could not easily overlook.")

Faehner argues that the discrepancy between the charge-off amount and the total balance, without explanation, was itself materially misleading and caused her to be unsure which amount to pay. However, the Letter does not contain dollar amounts that are so dramatically inconsistent as to only be explained by mathematical or scriveners' error, as was the case in *Meola*. Absent such indicia of error, "courts in this Circuit and across the country agree that a debt collector is not obligated to provide an exhaustive, line-item history of the current amount owed on a debt…. Therefore, the mere absence of information that would have explained the gap between the 'charge-off' amount and 'total due' amount cannot, by itself, state a claim." *Kleinman*, 2020 WL 705169, at *2 (collecting cases) (internal citations omitted).

## CONCLUSION

For the reasons set forth above, Webcollex's motion to dismiss is granted. The Clerk of Court is respectfully directed to enter judgment in favor of Webcollex and to close this case.

SO ORDERED.

Dated:  Brooklyn, New York
June 22, 2021

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge